ORPHA LENOX, Appellant, *v.* JAMES LENOX et al.,
Respondents.

Appeal — order of Appellate Division reversing judgment of trial
court — when findings of fact made by trial court not affected by
order of reversal.

On reversal of a judgment in an equity action, the order of the Appellate
Division stated that one of the justices sitting in the cause concurred
on the ground that the judgment was against the weight of evidence.
*Held*, that as the other justices did not place their determination upon
that ground, this court is bound to presume, under the provisions of
section 1338 of the Code of Civil Procedure, that the judgment was not
reversed upon a question of fact, and the effect of such reversal is to
leave the findings of fact by the trial court in full force.

On examination of the facts found, especially of the agreement and
understanding incorporated in the fifth finding of fact, *held*, that they
were sufficient to authorize a court of equity to retain jurisdiction and
to award the relief given by the trial justice.

*Lenox* v. *Lenox*, 126 App. Div. 105, reversed.

(Argued May 5, 1909; decided May 11, 1909.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
May 7, 1908, reversing a judgment in favor of plaintiff
entered upon the decision of the court on trial at Special
Term and granting a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Ernest F. Kruse* for appellant. The reversal was upon
questions of law only. (*Fritz* v. *Tompkins*, 168 N. Y.
524.)

*Fred J. Blackman* for respondent. This court has no juris-
diction to hear this appeal, because the Appellate Division
reversed the judgment of the trial court upon questions of
fact or of both law and fact. (*Hirsch* v. *Jones*, 191 N. Y.
195.)

*Per Curiam.* This action was brought to compel a conveyance to the plaintiff of the premises described in the complaint, or in case the defendant James Lenox had parted with his title so that he could not convey, then that the plaintiff recover damages and have the same adjudged a lien upon such premises.

The case was tried at the Erie Special Term of the Supreme Court as an action in equity, resulting in a decision of the trial justice awarding the plaintiff damages and adjudging that the amount should be a lien upon the premises. On a review of the judgment entered upon the decision of the trial court the Appellate Division has reversed and the following order, so far as material, has been entered: " It is hereby ordered that the judgment so appealed from be and the same hereby is reversed and a new trial ordered, with costs to the appellants to abide the event. Opinion by McLENNAN, P. J., in which all concur; SPRING, J., on the ground that the judgment is against the weight of the evidence." From the order so entered the plaintiff has appealed to this court, giving the usual stipulation for judgment absolute in case the order of reversal should be affirmed.

Section 1338 of the Code of Civil Procedure provides that " Upon an appeal to the Court of Appeals from a judgment, reversing a judgment entered upon the report of a referee, or a determination in the trial court; or from an order granting a new trial, upon such a reversal; it *must* be presumed that the judgment was not reversed, or the new trial granted, upon a question of fact, unless the contrary clearly appears in the record body of the judgment or order appealed from." As we have seen, SPRING, J., concurred in the result upon the ground that the findings of the trial court were against the weight of evidence, but in this determination he appears to stand alone; the other four justices sitting in the case do not place their determination upon that ground and, therefore, we are compelled, under the provisions of the Code alluded to, to presume that the judgment was not reversed upon a question of fact. The effect of this is to leave the findings of

fact by the trial court in full force and approved by all of the justices of the Appellate Division with the exception of SPRING, J. The question, therefore, in this court is narrowed to the determination as to whether the findings of fact made by the trial justice support his conclusions of law.

Our examination of the facts found, especially of the agreement and understanding incorporated in the fifth finding of fact, has led us to the conclusion that they were sufficient to authorize a court of equity to retain jurisdiction and to award the relief given by the trial justice.

The order, therefore, of the Appellate Division should be reversed and the judgment entered upon the decision of the trial court should be affirmed, with costs to the appellant in this court and the Appellate Division.

GRAY, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur; EDWARD T. BARTLETT, J., dissents; CULLEN, Ch. J., absent.

Order reversed, etc.